This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38685**

**STATE OF NEW MEXICO,**

　　　Plaintiff-Appellee,

v.

**MICHAEL ENCINIAS,**

　　　Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**Louis P. McDonald, District Judge**

Hector H. Balderas, Attorney General
Cole P. Wilson, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
William O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}** A jury convicted Defendant Michael Encinias of second-degree murder and tampering with evidence, finding that he killed his ex-wife, Dawn Sandoval, and tampered with her remains. Defendant appeals his convictions, advancing an argument[1]

---

[1] Defendant also advances an argument that he did not receive a fair trial because the district court allowed an expert forensic pathologist to testify that the manner and cause of death in this case were "homicidal violence" and "homicide," respectively. Upon thorough review of the record, we are satisfied that the State adequately demonstrated that the forensic pathologist relied on her expertise in ruling out other potential causes of Ms. Sandoval's death and that this testimony assisted the jury beyond the other

that his right to confrontation, guaranteed under the Sixth Amendment to the United States Constitution, was violated at trial. We affirm.

## BACKGROUND

**{2}** This is a memorandum opinion. Because the parties are familiar with the particulars of the case, and this memorandum opinion is written solely for their benefit, we set forth very briefly the factual background giving rise to this appeal, and reserve inclusion of the pertinent facts for our discussion below. *See State v. Gonzales*, 1990-NMCA-040, ¶ 48, 110 N.M. 218, 794 P.2d 361.

**{3}** The Rio Rancho Police Department began an investigation into the disappearance of Ms. Sandoval. Investigators recovered her partially burned body from an arroyo in a remote area. Thereafter, investigators removed a stained piece of fabric from the backseat of Defendant's truck and sent it to the crime laboratory for DNA processing. The processing revealed the presence of Ms. Sandoval's DNA profile on the fabric.

**{4}** A grand jury returned an indictment charging Defendant with second-degree murder, contrary to NMSA 1978, Section 30-2-1(B) (1994), and two counts of tampering with evidence, contrary to NMSA 1978, Section 30-22-5 (2003). Prior to trial, the DNA analyst who processed the fabric from the backseat of Defendant's truck retired from the crime laboratory. In her place, the State called Raman Sandhu-Kirmer, a forensic scientist who performed a "technical review" of the original DNA analyst's results. Defendant moved to exclude Ms. Sandhu-Kirmer's testimony pursuant to *Bullcoming v. New Mexico*, 564 U.S. 647 (2011), arguing that his inability to confront and cross-examine the original DNA analyst violated his guarantee under the Confrontation Clause of the Sixth Amendment. The district court denied the motion.

**{5}** At the close of the State's evidence, the district court directed a verdict for a single count of tampering with evidence. The jury convicted Defendant of the two remaining charges. He appeals, maintaining that his Sixth Amendment right to confrontation was violated.

## DISCUSSION

**{6}** "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. "The Confrontation Clause applies to witnesses against the accused who provide testimony for the purpose of establishing or proving some fact." *State v. Huettl*, 2013-NMCA-038, ¶ 16, 305 P.3d

---

evidence presented. *See* Rule 11-702 NMRA (governing the testimony of expert witnesses); *State v. Bregar*, 2017-NMCA-028, ¶¶ 31, 35, 390 P.3d 212 (noting that the proponent of expert testimony must demonstrate that it fits the requirements of Rule 11-702). Thus, we will not disrupt the district court's exercise of discretion in admitting this testimony. *See State v. Torres*, 1999-NMSC-010, ¶ 27, 127 N.M. 20, 976 P.2d 20 (stating that appellate review of "the admission of expert testimony" is for abuse of discretion (internal quotation marks and citation omitted)).

956. "Questions of admissibility under the Confrontation Clause are questions of law, which we review de novo." *State v. Jaramillo*, 2012-NMCA-029, ¶ 8, 272 P.3d 682 (internal quotation marks and citation omitted).

**{7}** In *Bullcoming*, the prosecution introduced a forensic laboratory report containing a certification attesting to the accuracy of the report through "an analyst who did not sign the certification or personally perform or observe the performance of the test reported in the certification." 564 U.S. at 653, 655-57. The certifying analyst did not testify. *Id.* at 655. The defendant challenged the admission of the report through this "surrogate testimony" on Sixth Amendment grounds, and the Supreme Court of the United States held that his right to confrontation was violated, as "[a]n analyst's certification prepared in connection with a criminal investigation or prosecution . . . is 'testimonial,' and therefore within the compass of the Confrontation Clause." *Id.* at 655-56, 658-59. Thus, the Court reasoned that the report could not be introduced in the certifying analyst's absence, because the certification concerning the accuracy of his report amounted to testimonial statements ripe for challenge in court. *Id.* at 660 ("These representations, relating to past events and human actions not revealed in raw, machine-produced data, are meet for cross-examination.").

**{8}** Since that time, this Court has offered instruction on *Bullcoming*'s tenets, and held that "an expert who has analyzed the raw data generated by another analyst and who has formed independent conclusions based upon that analysis may testify as to those conclusions" without violating the Confrontation Clause. *Huettl*, 2013-NMCA-038, ¶ 36. But, the Confrontation Clause is violated in situations where "the expert . . . fail[s] to form an independent opinion and is merely acting as a conduit for the presentation of a non-testifying witness's testimonial hearsay." *Id.* ¶ 38. Likewise, this precedent distinguishes between the introduction of reports of laboratory analysts, which may contain "certifications, statements, or conclusions . . . offered as evidence," *id.* ¶ 28, and laboratory testing process itself, with no confrontation right attaching to the latter, because the act of operating equipment that culminates in the output of raw data is not "activity that constitute[s] a testimonial statement" so long as the non-testifying analyst's certifications, statements, and conclusions are not offered as evidence. *Id.* ¶¶ 27-28.

**{9}** Defendant's principal objection to Ms. Sandhu-Kirmer's testimony is his inability to cross-examine the original DNA analyst "about the procedures she followed in this case." More specifically, while Ms. Sandhu-Kirmer reviewed the original DNA analyst's report that included the procedures used to arrive at the conclusion that Ms. Sandoval's DNA was present on the fabric removed from the backseat of Defendant's truck, Defendant complains of his inability to question the original DNA analyst "about whether she had in fact followed those procedures." We conclude that Defendant's contentions fail under *Huettl*.

**{10}** Ms. Sandhu-Kirmer testified that, as the forensic scientist who independently performed the technical review of the original DNA analyst's results, she concluded Ms. Sandoval was the source of the major DNA profile on the fabric. Moreover, the original DNA analyst's report was not offered as evidence. *See id.* ¶ 29 (noting the absence of a

confrontation issue because "no inculpating report of the testing process or conclusions of a non-testifying analyst were offered or admitted into evidence" and because the testifying witness "testified only to . . . her independent conclusion when determining whether the test result matched another test result"). With regard to the aspect of Defendant's argument that centers on Ms. Sandhu-Kirmer's testimony about the procedures the original DNA analyst followed in this case, the testimony Defendant cites came outside of the jury's hearing during the voir dire of Ms. Sandhu-Kirmer by Defendant and the district court in preparation for the district court's ruling on the admission of her testimony. Any testimony that the jury heard concerning the procedures used in the crime laboratory to process DNA through the operation of lab instruments was generalized.

**{11}** Insofar as Defendant argues that he was deprived of the opportunity to question the original DNA analyst's handling of the sample recovered from his backseat in a proper chain of custody to ensure no contamination, this presents a separate issue that he does not raise involving the weight of the DNA evidence, rather than its admissibility. *See id.* ¶¶ 30-31 (explaining that arguments premised on the non-testifying analyst's "placement of . . . evidence onto" laboratory equipment present an attack on the chain of custody, which go "to the weight of the evidence not to the admissibility of it"). Thus, we conclude that Defendant has not presented a viable argument that he was deprived of his Sixth Amendment right to confrontation.

**CONCLUSION**

**{12}** For the foregoing reasons, we affirm Defendant's convictions for second-degree murder and tampering with evidence.

**{13} IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**JANE B. YOHALEM, Judge**